UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ricky Martin,

    Plaintiff,

v.                             Case No. 13-10420

Commissioner of Social Security,      Sean F. Cox
                                        United States District Court Judge

    Defendant.
_____/

**ORDER ADOPTING
REPORT AND RECOMMENDATION**

      Plaintiff Ricky Martin ("Plaintiff") brought this action challenging the Commissioner's unfavorable decision disallowing benefits. The matter was referred to Magistrate Michael Hluchaniuk for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and Report and Recommendation pursuant to § 636(b)(1)(B) and (C).

      Thereafter, the parties filed cross-motions for summary judgment. In a forty-one page Report and Recommendation ("R&R") issued on February 17, 2014, Magistrate Judge Hluchaniak recommended that this Court: 1) Deny Plaintiff's Motion for Summary Judgment; and 2) Grant the Commissioner's Motion for Summary Judgment, affirming the findings and conclusions of the Commissioner.

      Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the

magistrate judge's disposition to which specific written objection has been made." *Id*.

Plaintiff filed timely objections on February 26, 2014. (Docket Entry No. 20). Plaintiff asserts four objections.

First, Plaintiff contends that the Administrative Law Judge ("ALJ") misapplied *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997) and that the magistrate judge erred in concluding that the ALJ's conclusion was appropriate that new and material evidence of disability postdating the original 2006 ALJ decision did not exist and therefore *res judicata* applies. (Pl.'s Objs. at 2-4). In stating this objection, Plaintiff argues, as he did before the magistrate judge, that he did not have a psychiatric issue in his prior case. Plaintiff asserts that his psychological treating sources reported psychological limitations. (*Id*. at 2-3). The Court finds this objection without merit and concurs with the magistrate judge's analysis:

> In this case, plaintiff asserts that the ALJ improperly or unclearly applied *Drummond*. The undersigned disagrees. The ALJ specifically concluded that there was very little evidence to suggest a different *physical* RFC and nothing to suggest the need to alternate between sitting and standing every 15 minutes as alleged by Plaintiff. (Dkt. 9-2, Pg ID 54). Even plaintiff admits that his new impairments that have occurred since the last ALJ decision are "primarily mental." Indeed, the vast majority of plaintiff's claims of error have nothing to do with his physical impairments. With regard to *Drummond*, the undersigned finds no error with the ALJ's analysis relating to plaintiff's physical symptoms.
> As to plaintiff's mental impairments, the ALJ specifically found that, with the introduction of new mental health treatment, there was a reduction in plaintiff's mental demands added to the RFC based on the objective medical evidence of record. (Dkt. 9-2, Pg ID 54). In the view of the undersigned, the ALJ plainly considered the new evidence pertaining to plaintiff's mental impairments and found that plaintiff's RFC needed to be updated accordingly. Simply because plaintiff disagrees with the ultimate conclusion reached by the ALJ . . . does not mean that the ALJ did not conduct a proper *Drummond* analysis.

(R&R at 35) (emphasis in original).

Second, Plaintiff argues that the ALJ erred in disregarding the testimony of his case manager, Mr. Greenfield. (Pl.'s Objs. at 4-6). Plaintiff continues to argue, as he did before the magistrate judge, that the ALJ should have mentioned in her written opinion that Mr. Greenfield had testified. This Court agrees with the magistrate judge that, to the extent the ALJ erred in not mentioning Mr. Greenfield's testimony in her opinion, it was harmless error:

> The undersigned agrees with the Commissioner that the ALJ extensively considered evidence, treatment records, and the opinions of Mr. Greenfield throughout her opinion. In addition, on review of Mr. Greenfield's testimony, there is nothing new or different from the other records considered by the ALJ. To the extent it may have been error for the ALJ to fail to mention this testimony, such an error was, at worst, harmless in light of the ALJ's extensive consideration of Mr. Greenfield's treatment records and opinions.

(R&R at 36).

Third, Plaintiff argues that the ALJ erred in discounting the written opinion and report of Mr. Greenfield. (Pl.'s Objs. at 7). The magistrate judge concluded that the ALJ properly concluded that the report should not be given controlling weight for two reasons. First, the magistrate judge explained that while "[s]everal courts have concluded that where a licensed social worker or other unacceptable medical source," such as Mr. Greenfield, "is working as part of a treatment team and an acceptable medical source has 'signed off' on the opinions, they should be evaluated as a treating physician opinion," that was not the case here. (R&R at 37). Dr. MacAuley did not sign Mr. Greenfield's opinion. (*Id.*). The magistrate judge also found that, in addition to the opinion not being signed by Dr. MacAuley, the ALJ properly found that Mr. Greenfield's opinion was inconsistent with Dr. MacAuley's reports. This Court concurs with the magistrate judge's analysis and conclusion that the ALJ properly discounted Mr. Greenfield's written opinion and report.

3

Finally, Plaintiff continues to argue that the ALJ's analysis and findings as to his credibility were flawed. (Pl.'s Objs. at 8-9). This Court, however, finds this objection without merit because it agrees with the magistrate judge's assessment of this issue. (*See* R&R at 38-39). (explaining the ALJ's stated reasons for her assessment of Plaintiff's credibility and noting that while there were some contrary indications regarding Plaintiff's literacy, the ALJ's credibility determination is entitled to substantial deference.)

Accordingly, IT IS ORDERED that the Court hereby ADOPTS the February 17, 2014 R&R.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED, that Defendant's Motion for Summary Judgment is GRANTED, and that the ALJ's decision is AFFIRMED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 4, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 4, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager